**IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY, PENNSYLVANIA**

Katrina S. Ferguson, MBA
3631 N. Marine Street
Philadelphia, PA 19140
Plaintiff,

REC'D NOV 1 2 2025

v.

City of Philadelphia Department of Human Services (DHS)
1515 Arch Street, 8th Floor
Philadelphia, PA 19102

Tyrie J. Sealy, Caseworker Carl Tyndle, Supervisor
Aquila Lewis-Uqdah, Supervisor Shanelle McCleary, Administrator
Vivian Smalls, Administrator Commissioner Kimberly Ali Chief of Staff
Katherine Garzon Defendants.

Case No: 676528

**CIVIL COMPLAINT
(WRONGFUL REMOVAL, DISABILITY DISCRIMINATION,
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

Plaintiff Katrina S. Ferguson, MBA, a U.S. Navy Veteran and resident of Philadelphia, respectfully files this Complaint against the above-named Defendants for violations of her civil and constitutional rights under the Fourteenth Amendment, Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and related Pennsylvania laws.

This action arises from the wrongful removal of Plaintiff's minor child, the mislabeling of Plaintiff with a severe mental illness she does not have, the unlawful deprivation of due process, and the infliction of severe emotional distress upon both Plaintiff and her daughter, Janiah Evans.

In support of this Complaint, Plaintiff states the following causes of action and claims for relief, which are attached hereto as Exhibit A:

Respectfully submitted,

_____  11/10/25
Katrina S. Ferguson, MBA
Pro Se Plaintiff
3631 N. Marine Street
Philadelphia, PA 19140
Phone: (267) 207-5423
Email: ksherie@icloud.com

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY – CIVIL DIVISION

KATRINA S. FERGUSON, MBA
3631 N. Marine St.
Philadelphia, PA 19140
Phone: 267-207-5423
Email: ksherie@icloud.com

Plaintiff, Pro Se

v.

CITY OF PHILADELPHIA – DEPARTMENT OF HUMAN SERVICES;
TYRIE SEALY, CARL TYNDLE, AQUILA LEWIS-UQDAH, SHANELLE MCCLEARY, VIVIAN SMALLS, KIMBERLY ALI, KATHERINE GARZON, Defendants.

CIVIL ACTION – LAW
JURY TRIAL DEMANDED

COMPLAINT

I. PARTIES
1. Plaintiff, Katrina S. Ferguson, is an adult individual, U.S. Navy veteran, MBA, and resident of Philadelphia County.
2. Defendants are the City of Philadelphia – Department of Human Services (DHS) and the individual DHS employees named above.

II. FACTS
3. On May 30, 2024, Plaintiff's minor daughter, Janiah Evans, was wrongfully removed from Plaintiff's custody by DHS employees without a court order, warrant, or emergency justification.
4. At the time, Plaintiff had a valid custody order granting her parenting time.
5. DHS Defendants falsely attributed a diagnosis of schizophrenia to Plaintiff, despite her actual diagnosis being Bipolar I Disorder with anxiety, confirmed by licensed medical providers.
6. DHS Defendants acted without reviewing Plaintiff's medical records, without contacting her treating providers, and without affording her a hearing or notice.
7. Plaintiff has never been adjudicated unfit as a parent, and no court has terminated or suspended her parental rights.
8. Defendants' conduct resulted in Plaintiff being forced to pay $800/month in child support, while also suffering severe emotional distress, humiliation, reputational harm, and financial hardship.
9. Defendants, acting individually and collectively, caused Plaintiff and her daughter trauma, loss of family integrity, and significant suffering.

III. CLAIMS
COUNT I – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
10. Defendants engaged in extreme and outrageous conduct by falsely labeling Plaintiff with schizophrenia, removing her child without legal basis, and obstructing her parental rights.
11. This conduct caused Plaintiff severe emotional distress.

COUNT II – NEGLIGENCE
12. Defendants owed Plaintiff a duty to act reasonably, investigate properly, and respect her constitutional rights.
13. Defendants breached this duty, resulting in harm to Plaintiff and her child.

### COUNT III – DEFAMATION

14. Defendants published false and harmful statements about Plaintiff's mental health (schizophrenia diagnosis) to others, damaging her reputation as a mother and professional.

### COUNT IV – INTERFERENCE WITH CUSTODY RIGHTS

15. Defendants knowingly violated Plaintiff's existing custody order by removing her daughter without lawful justification.

### IV. DAMAGES

As a result of Defendants' actions, Plaintiff suffered:
- Severe emotional distress, humiliation, and trauma.
- Financial damages, including forced child support obligations.
- Reputational harm and interference with professional opportunities.

### V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Court to:
1. Award compensatory damages in excess of $250,000.
2. Award punitive damages against individual Defendants.
3. Grant injunctive relief, including correction of DHS records and restoration of Plaintiff's parental rights under the custody order.
4. Award costs of suit and any further relief deemed just and proper.

Respectfully submitted,

Signature: _____ 11/10/25

Katrina S. Ferguson, MBA

Pro Se Plaintiff

COUNTS – Ferguson v. Department of Human Services
Plaintiff: Katrina S. Ferguson
Defendants: City of Philadelphia Department of Human Services; Tyrie Sealy; Carl Tyndle; Aquila Lewis-Uqdah; Shanelle McCleary; Vivian Smalls; Kimberly Ali; Katherine Garzon; and others acting under color of law.

Count I – Violation of Procedural Due Process (14th Amendment)
Defendants deprived Plaintiff of her fundamental right to custody and family integrity by removing her minor child without notice, hearing, or lawful order, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Count II – Violation of Substantive Due Process (14th Amendment)
Defendants' actions in removing Plaintiff's daughter without evidence of abuse, neglect, or imminent danger were arbitrary and shocking to the conscience, violating Plaintiff's constitutional right to family unity and parental autonomy.

Count III – Disability Discrimination (ADA Title II / Rehabilitation Act §504)
Defendants discriminated against Plaintiff by mislabeling her mental health diagnosis (schizophrenia instead of Bipolar I and anxiety) and using that misinformation to interfere with her parental rights, violating her rights under the ADA and §504 of the Rehabilitation Act.

Count IV – Equal Protection Violation (14th Amendment)
Defendants treated Plaintiff differently than similarly situated parents because of her mental health condition and veteran status, with no legitimate governmental purpose, violating the Equal Protection Clause.

Count V – Civil Rights Violation (42 U.S.C. §1983 – Acting Under Color of Law)
Defendants, acting under color of state law, deprived Plaintiff of her constitutional rights by removing her daughter, imposing child support without lawful custody determination, and interfering with valid court orders.

Count VI – Interference with Court-Ordered Custody and Parental Rights
Defendants willfully ignored a valid custody order that granted Plaintiff parenting time, causing unlawful interference with court-ordered visitation and parental access, in violation of Pennsylvania custody statutes and 42 U.S.C. §1983.

Count VII – Intentional Infliction of Emotional Distress (IIED)
Defendants engaged in extreme and outrageous conduct by wrongfully removing Plaintiff's daughter, spreading false medical information, and causing severe emotional and psychological distress to both Plaintiff and her child.

Count VIII – Negligence and Abuse of Process (State Law)
Defendants failed to properly investigate, consult medical professionals, or follow legal procedures before initiating removal, resulting in harm to Plaintiff's rights, reputation, and emotional well-being.

Relief Requested
Plaintiff respectfully seeks:
- Compensatory damages for emotional distress, financial loss, and reputational harm.
- Punitive damages against individual defendants for willful misconduct.
- Injunctive relief restoring custody/visitation rights and correcting false records.
- Costs, attorney's fees, and any other relief the Court deems just and proper.