# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATRINA S. FERGUSON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-6419 |
| | : | |
| CITY OF PHILADELPHIA | : | |
| DEPARTMENT OF HUMAN | : | |
| SERVICES, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

BEETLESTONE, C.J.                                                    JANUARY  26  , 2026

Katrina S. Ferguson filed this *pro se* civil rights action alleging claims under § 1983, the Americans with Disabilities Act ("ADA")/Rehabilitation Act ("RA"), and state tort law, based on the loss of custody of her minor daughter.[1]  Ferguson seeks leave to proceed *in forma pauperis*.  For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed.

## I.     FACTUAL ALLEGATIONS[2]

Ferguson names the following Defendants in her Complaint: (1) the City of Philadelphia Department of Human Services ("DHS"); (2) Tyrie J. Sealy; (3) Case Worker Carl Tyndle; (4) Supervisor Aquila Lewis-Uqdah; (5) Administrator Vivan Smalls; (6) Supervisor Shanelle

---

[1] The Court notes that Ferguson's Complaint bears the heading, "In the Court of Common Pleas, Philadelphia County, Pennsylvania."  (Compl. at 1-2.)  To the extent she intended to file this action in state court, Ferguson may voluntarily dismiss this action and refile in that venue.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

[2] The factual allegations are taken from Ferguson's Complaint, which consists of four typewritten pages and two letters from the Department of Veterans Affairs, attached as exhibits. (ECF No. 2.)  The Court considers the entirety of the submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system.

McCleary; (7) Administrator Commissioner Kimberly Ali; and (8) Chief of Staff Katherine Garzon. (Compl. at 1.) Ferguson's allegations appear to stem from dependency proceedings in the Philadelphia County Court of Common Pleas. She alleges that on May 30, 2024, DHS employees removed her minor daughter from her custody without a warrant or court order, and in spite of Ferguson having a valid custody order granting her parenting time with her child. (*Id.* ¶¶ 3-4.) She asserts that the Defendants "falsely attributed a diagnosis of schizophrenia to Plaintiff, despite her actual diagnosis being Bipolar 1 disorder with anxiety, confirmed by licensed medical providers." (*Id.* ¶ 5.) The DHS Defendants did not review Ferguson's medical records, contact her medical providers, or afford her a hearing or notice before revoking her parental rights. (*Id.* ¶ 6.) She alleges that DHS took custody of her daughter even though "no court has terminated or suspended her parental rights." (*Id.* ¶ 7.)

As a result of these events, Ferguson alleges she was forced to pay $800 per month in child support, suffered severe emotional distress, humiliation, reputational harm, and financial hardship. (*Id.* ¶ 8.) Ferguson brings claims under the Fourteenth Amendment due process and equal protection clauses, the ADA/RA, and state law tort claims. (*Id.* at 1-4.) She seeks money damages, restoration of her parental rights, costs and attorney's fees. (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants Ferguson leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Ferguson is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10). In determining whether a pleading meets

Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (cleaned up). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

## III.    DISCUSSION

### A.    Constitutional Claims

Ferguson asserts her constitutional claims pursuant to § 1983, the vehicle by which such claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1.    Personal Involvement

4

In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Throughout Ferguson's Complaint, she attributes actions to the Defendants collectively without specifying what each Defendant did or did not do that allegedly violated her rights. (*See, e.g.*, Compl. ¶ 6 ("DHS Defendants acted without reviewing Plaintiff's medical records, without contacting her treating providers, and without affording her a hearing or notice.").) This is not a proper manner of pleading the personal involvement of any individual Defendant. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that a plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff); *see also Dooley v. Wetzel* , 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *Alston v. Little*, No. 24-1574, 2024 WL 3071064, at *3 (E.D. Pa. June 20, 2024) (concluding on screening that claims were not plausible where the plaintiff "continually refers collectively to 'Defendants,' rather than specifying what each particular named Defendant, identified by name or not, did or did not do that violated his rights"). Accordingly, Ferguson's Complaint fails to state a claim against any of these individuals, because it either fails to allege their personal involvement or fails to present claims that discrete Defendants could identify and respond to on the merits in compliance with Federal Rules of Civil Procedure 8 and 10. *See Garrett*, 938 F.3d at 94; *Fabian*, 2017 WL 3494219, at *3.

### 2.    Claims Against DHS

Ferguson asserts § 1983 claims against DHS, an agency of the City of Philadelphia. However, City agencies are not suable entities under § 1983 because they do not have a separate

legal existence.  *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1
(E.D. Pa. Aug. 10, 2010) (holding that under 53 Pa. Cons. Stat. § 16257, "no such department
shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out
of their transaction . . . shall be in the name of the City of Philadelphia"); *Smith-Goodman v. City
of Philadelphia Dep't of Hum. Servs.*, No. 18-3675, 2018 WL 4186390, at *2 (E.D. Pa. Aug. 31,
2018) (dismissing § 1983 claims against DHS "because that entity is a department of the City
and thus is not a separate legal entity independently subject to suit.") (citation and quotation
marks omitted); *see also Burton v. City of Philadelphia*, 121 F. Supp. 2d 810, 812 (E.D. Pa.
2000) ("Neither DHS or YSC has an independent corporate existence from the City of
Philadelphia; therefore, all claims against them must be brought in the name of the City.").  In
any event, to state a § 1983 claim against a municipality, a plaintiff must allege that the
defendant's policies or customs caused the alleged constitutional violation.  *See Monell v. Dep't
of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  However, Ferguson has not identified a
municipal policy or custom that led to the alleged violation of her constitutional rights.  *See B.S.
v. Somerset Cnty.*, 704 F.3d 250, 274 (3d Cir. 2013) ("With respect to municipalities such as the
County, [the] inquiry turns on whether the due process violation was a result of the County's
'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be
said to represent official policy.'").  Accordingly, Ferguson's §1983 claims against the
Philadelphia DHS are not plausible and will be dismissed pursuant to 28 U.S.C. §
1915(e)(2)(B)(ii).

      **3.**    **Due Process**

      Ferguson asserts both procedural and substantive due process claims arising from DHS'
revocation of her parental rights.  The Fourteenth Amendment provides that no state shall
"deprive any person of life, liberty, or property, without due process of law."  U.S. Const.

amend. XIV, § 1.  To state a claim under § 1983 for a violation of her procedural due process rights, "a plaintiff must allege that (1) [s]he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [her] did not provide 'due process of law.'"  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006).  "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

"[P]arents have a constitutionally cognizable liberty interest in the care, custody, and management of their children."  *Dennis v. DeJong*, 867 F. Supp. 2d 588, 623 (E.D. Pa. 2011).  But while "parents have a fundamental liberty interest in the custody of their children they do not always have a right to prior process when the state removes their children from their custody . . . in emergency circumstances which pose an immediate threat to the safety of a child, officials may temporarily deprive a parent of custody without parental consent or a court order."  *Patterson v. Armstrong Cnty. Child. & Youth Servs.*, 141 F. Supp. 2d 512, 530-31 (W.D. Pa. 2001) (citations and quotation marks omitted).

Substantive due process rights are those rights which are "fundamental" under the Constitution.  *Nicholas v. Pennsylvania State University,* 227 F.3d 133, 139–141 (3d Cir. 2000).  These include the "fundamental liberty interest of natural parents in the care, custody, and management of their child."  *Miller v. City of Philadelphia,* 174 F.3d 368, 374 (3d Cir. 1999) (quoting *Santosky v. Kramer,* 455 U.S. 745, 753 (1982)); *see also Anspach v. City of Philadelphia,* 503 F.3d 256, 261 (3d Cir. 2007).  To support a substantive due process claim in the context of dependency proceedings, a child welfare worker's decision-making must be so clearly arbitrary that it shocks the conscience.  *Miller*, 174 F.3d at 376.

Ferguson asserts that her minor daughter was removed from her custody on May 30, 2024 absent any emergency justification and "without notice, hearing, or lawful order" in violation of her due process rights.  (Compl. at 4.)  Ferguson's sparse allegations do not assert a plausible claim.  She asserts that her daughter was "wrongfully removed," but does not allege in any meaningful detail what occurred on May 30, 2024, the duration of the ensuing revocation, and what procedures were or were not afforded to her to challenge the revocation.  In the absence of these details, her claim is not plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (explaining that a conclusory claim, "without some further factual enhancement . . . stops short of the line between possibility and plausibility of entitle[ment] to relief.") (quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (explaining that while Rule 8 does not require "detailed factual allegations" a complaint is insufficient "if it tenders naked assertion[s] devoid of further factual enhancement." (citation and quotation marks omitted)).  Because Ferguson relies on the same conclusory allegations for her substantive due process claim, that claim also fails. However, the Court will afford Ferguson an opportunity to file an amended complaint in the event she can allege additional facts sufficient to state a plausible claim under the standards set forth above.

### 4.    Equal Protection

Ferguson alleges that the Defendants violated her equal protection rights by treating her differently "because of her mental health condition and veteran status with no legitimate government objective."  (Compl. at 4.)  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  To plead an equal protection violation, a plaintiff must

allege facts to show it is plausible that she was treated differently than other similarly situated persons, and that this different treatment was the result of intentional discrimination based on her membership in a protected class. *Hassan v. City of New York*, 804 F.3d 277, 294, 298 (3d Cir. 2015). "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'" *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted). Disability is not a suspect class under the equal protection clause, thus government action on the basis of disability must only be "rationally related to a legitimate governmental purpose." *See City of Cleburne*, 473 U.S. at 446. Veteran status is likewise not a protected class under the equal protection clause. *See DeJohn v. Temple Univ.*, No. 06-778, 2006 WL 2623274, at *3 (E.D. Pa. Sept. 11, 2006) (Plaintiff "does not claim, nor have we found any case that holds, that veterans are a protected class for purposes of" the equal protection clause).

To the extent that Ferguson's allegations may be read as asserting an equal protection claim based on a "class of one" theory, she must allege she was intentionally treated differently from other similarly situated parents and that there was no rational basis for the treatment. *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (to state an equal protection claim on a "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment").

Whether construed as a disparate treatment or class of one claim, Ferguson's allegation that she was treated differently than other similarly situated individuals without a rational basis is conclusory and insufficient to state a plausible equal protection claim. *See Margetta v. Ferguson*, No. 17-0037, 2018 WL 1430936, at *3 (M.D. Pa. Mar. 22, 2018) ("When alleging the

existence of similarly situated individuals, plaintiff cannot use allegations . . . that amount to nothing more than 'conclusory, boilerplate language' to show that he may be entitled to relief, and bald assertion[s] that other[s] . . . were treated in a dissimilar manner will not survive dismissal." (quotation marks omitted)).  Other than Ferguson's conclusory statement that "Defendants treated [her] differently . . . with no legitimate governmental purpose[,]" she does not allege any facts to suggest that the DHS Defendants purposefully discriminated against her in violation of the constitution.  Taken together with the other pleading deficiencies noted above, Ferguson fails to allege a plausible equal protection claim.  However, the Court will grant her an opportunity to amend her Complaint in the event she can allege a plausible claim under the standards discussed above.

> **B.    ADA/RA Claims**

Ferguson also alleges that the DHS Defendants violated her rights under the ADA and RA.  Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  To establish a claim under Title II of the ADA, a plaintiff must allege that: "(1) [s]he is a qualified individual with a disability; (2) [s]he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of [her] disability." *McPherson v. County of Dauphin*, No. 19-1865, 2020 WL 1558206, at *2 (M.D. Pa. Mar. 24, 2020).  The RA requires the same showing but applies only to "any program or activity receiving Federal financial assistance" and requires a plaintiff to demonstrate that their disability was the sole reason for the discrimination, not merely one reason.  29 U.S.C. § 794(a); *CG v. Pa. Dep't Educ.*, 734 F.3d 229, 235–36 (3d Cir. 2013).  Where a plaintiff seeks compensatory damages, she

must show intentional discrimination under a deliberate indifference standard. *Durham v. Kelley*, 82 F.4th 217, 225 (3d Cir. 2023).

To allege that she is a "qualified individual with a disability," Ferguson must assert that she has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* at § 12101(2)(A). The 2008 ADA Amendments Act clarified that the definition of disability and "substantially limits" should be construed "in favor of broad coverage of individuals . . . to the maximum extent permitted." 42 U.S.C. § 12102(4)(A)-(B). However, "to sufficiently allege that an impairment interferes with a major life activity, a plaintiff must elaborate on whether the alleged impairment interfered with [her] alleged major life activity during the period of alleged discrimination by Defendants," and "the plaintiff's allegations must contain sufficient factual support for his or her purported limitations, such as describing in some detail the frequency, duration, or severity of his or her limitations." *Earl v. Good Samaritan Hosp. of Suffern NY*, 625 F. Supp. 3d 292, 304 (S.D.N.Y. 2022) (cleaned up), *aff'd*, No. 22-2505, 2023 WL 8708417 (2d Cir. Dec. 18, 2023).

Ferguson alleges she has been diagnosed with Bipolar I with anxiety. However, she does not assert that her condition interferes with any major life activities and thus has not plausibly alleged that she is a qualified individual with a disability under the ADA. *See Karipidis v. ACE Gaming LLC*, No. 09-3321, 2010 WL 2521209, at *8 (D.N.J. June 9, 2010) ("By simply stating that the plaintiff lives with an injury, illness or impairment without alleging that the impairment substantially limits a major life activity creates a defect in the Complaint."). She also does not

assert that she was excluded from a program or activity receiving Federal financial assistance, thus she fails to allege a plausible RA claim. As to her ADA claims, these can only be asserted against a "public entity," thus Ferguson's claims against individual DHS employees in their personal capacities cannot proceed. *See* 42 U.S.C. § 12131 (defining "public entity" as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any other commuter authority."); *see Kokinda v. Pa. Dep't of Corr.*, 779 Fed. App'x 944, 949 (3d Cir. 2019) (*per curiam*) ("[C]laims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability."); *Matthews v. Pa. Dep't of Corr.*, 613 Fed. App'x 163, 169–70 (3d Cir. 2015) (affirming dismissal of personal-capacity claims against individual defendants because they were not public entities subject to suit under the ADA or the RA).

Turning to the gravamen of her ADA claim, Ferguson contends that Defendants "discriminated against [her] by mislabeling her mental health diagnosis (schizophrenia instead of Bipolar I and anxiety) and using that misinformation to interfere with her parental rights[.]" (Compl. at 4.) Ferguson's allegation that unspecified Defendants "us[ed]" her mental health diagnosis to "interfere" with her parental rights does not state a plausible ADA claim. Mere consideration of an individual's mental health does not necessarily amount to discrimination under the ADA. *See Schweitzer v. Crofton*, 935 F. Supp. 2d 527, 553 (E.D.N.Y. 2013) (mere consideration of mother's bipolar disorder in custody proceedings was not a violation of the ADA), aff'd, 560 F. App'x 6 (2d Cir. 2014); *see also Ward v. Murphy*, 330 F. Supp. 2d 83, 98-99 (D. Conn. 2004) (holding that child services did not violate the ADA by considering parent's mental disability in determining whether child should remain in his home). Thus, to the extent

12

DHS cited her mental health condition as a reason to revoke her parental rights, this is insufficient by itself to allege that the agency *discriminated* against her on the basis of her disability.  For those reasons, Ferguson's ADA/RA claims will be dismissed.  However, because the Court cannot at this stage determine with certainty that Ferguson could never allege a plausible ADA/RA claim, she will be granted leave to amend.

    **C.**    **State Law Claims**

Ferguson also asserts state law claims for (1) intentional infliction of emotional distress; (2) defamation; (3) negligence; (4) abuse of process; and (5) interference with custody rights. (Compl. at 2-4.)  Because the Court has dismissed Ferguson's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any remaining state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co.*, 546 U.S. at 89 and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Ferguson does not specifically allege her own citizenship or that of the Defendants. However, she provides a Philadelphia address for herself and sues DHS, which for diversity

jurisdiction purposes is a citizen of Pennsylvania. (Compl. at 1.); *see Walthour v. City of Philadelphia*, No. 20-3544, 2021 WL 1608551 (3d Cir. Apr. 26, 2021) ("[F]or purpose of federal jurisdiction, the City of Philadelphia is also a Pennsylvania citizen."). The Complaint also appears to allege that each of the individual Defendants is employed by DHS. This suggests that some, if not all, of the Defendants may also be Pennsylvania citizens. Accordingly, Ferguson has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Ferguson leave to proceed *in forma pauperis* and dismiss the federal claims for failure to state a claim and the state claims for lack of subject matter jurisdiction. Mindful of Ferguson's *pro se* status, the Court will grant her an opportunity to file an amended complaint if she can allege additional facts as to the claims dismissed without prejudice. An appropriate Order follows.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

_____

**WENDY BEETLESTONE, C.J.**