IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATRINA S. FERGUSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-6419 |
| | : | |
| CITY OF PHILADELPHIA | : | |
| DEPARTMENT OF HUMAN | : | |
| SERVICES, *et al.*, | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 26th day of January, 2026, upon consideration of Plaintiff Katrina S.

Ferguson's Motion to Proceed *In Forma Pauperis* (ECF No. 1), and Complaint (ECF No. 2) it is

**ORDERED** that:

1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.    The Complaint is **DEEMED** filed.

3.    The Clerk of Court is **DIRECTED** to restrict access to the Complaint (ECF No.

2) to court users, case participants, and public terminal users pursuant to Federal Rule of Civil

Procedure 5.2 because it contains the name of Ferguson's minor child.

4.    The Complaint is **DISMISSED IN PART WITH PREJUDICE** and

**DISMISSED IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum, as follows:

    a.    The following claims are **DISMISSED WITH PREJUDICE**: (1) The § 1983

        claims against the City of Philadelphia Department of Human Services

        ("DHS"); and (2) the Americans with Disabilities Act/Rehabilitation Act

("ADA/RA") claims against Defendants Sealy, Tyndle, Lewis-Uqdah,

McCleary, Smalls, Ali and Garzon ("the individual Defendants").

b. The following claims are **DISMISSED WITHOUT PREJUDICE:** (1) the

Fourteenth Amendment equal protection and due process claims against the

individual Defendants; (2) the ADA/RA claims against DHS; and (3) the state

law tort claims**.**

5.    Ferguson may file an amended complaint within thirty (30) days of the date of

this Order.  Any amended complaint must identify all defendants in the caption of the amended

complaint in addition to identifying them in the body of the amended complaint and shall state

the basis for Ferguson's claims against each defendant.  The amended complaint shall be a

complete document that does not rely on the initial Complaint or other papers filed in this case to

state a claim.  When drafting her amended complaint, Ferguson should be mindful of the Court's

reasons for dismissing the claims in her initial Complaint as explained in the Court's

Memorandum.  **If she files an amended complaint, Ferguson may not reassert a claim that**

**has already been dismissed from this case with prejudice**.  Upon the filing of an amended

complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6.    The Clerk of Court is **DIRECTED** to send Ferguson a blank copy of this Court's

current standard form to be used by a self-represented litigant filing a civil action bearing the

above-captioned civil action number.  Ferguson may use this form to file her amended complaint

if she chooses to do so.

7.    If Ferguson does not wish to amend her Complaint and instead intends to stand on

her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of

the date of this Order stating that intent, at which time the Court will issue a final order

dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall

include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d

Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the

district court asserting his intent to stand on the complaint, at which time an order to dismiss the

action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir.

1976))).

8.      If Ferguson fails to file any response to this Order, the Court will conclude that

Ferguson intends to stand on her Complaint and will issue a final order dismissing this case.[1]

*See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may

be inferred from inaction after issuance of an order directing her to take action to cure a defective

complaint).

BY THE COURT:

S/ WENDY BEETLESTONE

_____

**WENDY BEETLESTONE, C.J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).