IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATRINA S. FERGUSON,                      :
    Plaintiff,                            :
                                          :
    v.                                    :    CIVIL ACTION NO. 25-CV-6419
                                          :
CITY OF PHILADELPHIA                      :
DEPARTMENT OF HUMAN                       :
SERVICES, *et al.*,                       :
    Defendants.                           :

## ORDER

AND NOW, this 4th day of May, 2026, upon consideration of Plaintiff Katrina S. Ferguson's Amended Complaint (ECF No. 8), it is **ORDERED** that:

1.    The following claims are **DISMISSED WITH PREJUDICE**: Count IV – ADA/Rehabilitation Act against the individual Defendants, and the state law claims for Interference with Custody Rights.

2.    The following claims are **DISMISSED WITHOUT PREJUDICE**: Count III – Monell Liability, Count IV – ADA/Rehabilitation Act against the City of Philadelphia, and the state law claims for Intentional Infliction of Emotional Distress, Defamation, and Abuse of Process.

3.    Count I – Fourteenth Amendment Procedural Due Process and Count II – Fourteenth Amendment Substantive Due Process shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against Defendants Tyrie Sealy, Carl Tyndle, and Aquila Lewis-Uqdah.

4.    The Clerk of Court is **DIRECTED** to terminate Shanelle McCleary, Vivian Smalls, Kimberly Ali, Katherine Garzon, and the City of Philadelphia Department of Human Services[1] as Defendants in this case.

5.    In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Ferguson together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form").  The Clerk of Court is further **DIRECTED** to record the mailing on the docket.

6.    To proceed with service, Ferguson must complete the USM-285 Forms for Sealy, Tyndle, and Lewis-Uqdah and return the completed forms to the Clerk's Office within **twenty-one (21) days** of the date of this Order.  Service cannot be made by the U.S. Marshal Service until Ferguson completes and returns this form.

7.    In completing the USM-285 Form, Ferguson is instructed as follows:

   a.  Ferguson should complete the USM-285 Form for Sealy, Tyndle, and Lewis-Uqdah.

   b.  Ferguson shall not complete a USM-285 Form for any other individual or entity, including any Defendant who already has been dismissed from this case.

   c.  Ferguson must provide an address at a location where the Defendants can be served.  **The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address.**  It is Ferguson's responsibility, and not the duty of the Court,

---

[1] The City of Philadelphia Department of Human Services was named as a Defendant in Ferguson's original Complaint.  (*See* ECF No. 2.)  Because the agency was not named in the Amended Complaint, it is dismissed from this action.  *See Mullin v. Balicki*, 875 F.3d 140, 156 (3d Cir. 2017) ("Because an amended complaint supersedes the original, 'parties voluntarily dropped from an amended complaint do not remain in the case.'" (footnote omitted) (quoting *Palakovic v. Wetzel*, 854 F.3d 209, 221 n. 13 (3d Cir. 2017))).

the Clerk's Office, or the Marshals Service, to ascertain the Defendants' addresses.[2]

    d.  Ferguson must sign the USM-285 Form on the signature block marked "Signature of Attorney other Originator requesting service on behalf of: PLAINTIFF", and provide a telephone number and the date where indicated.

    e.  Failure to include a proper address may result in the Defendants not being served and/or the dismissal of Ferguson's claims against any such Defendant.

8.    Ferguson is cautioned that failure to return a completed USM-285 Form in accordance with the above instructions may result in dismissal of this case for failure to prosecute, without further notice from the Court.

9.    The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Ferguson returns in this case.

10.    The Clerk of Court is **DIRECTED** not to issue a summons at this time.  The Court will direct issuance of a summons upon receipt of a properly completed USM-285 Form.

           **BY THE COURT:**

           **S/ WENDY BEETLESTONE**

           **WENDY BEETLESTONE, C.J.**

---

[2] *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").